UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61639-CIV-ZLOCH/ROSENBAUM

GREGORY TROTTA,

        Plaintiff,

v.

THE BANK OF NEW YORK,

        Defendant.
_____/

## ORDER

This matter comes before the Court *sua sponte* on the filing of Plaintiff Gregory Trotta's Amended Complaint [D.E. 16], upon referral by the Honorable William J. Zloch of all pre-trial matters. *See* D.E. 6. For the reasons that follow, the Court strikes Plaintiff's Amended Complaint.

Plaintiff filed his original Complaint in this action on September 7, 2010 [D.E. 1]. On September 30, 2010, Defendant Bank of New York filed its Motion to Dismiss [D.E. 8]. Plaintiff filed his Response to the Motion to Dismiss on October 18, 2010, opposing the granting of the Motion to Dismiss. *See* D.E. 18. Following Defendant's filing of its Reply brief, on November 16, 2010, I issued a Report and Recommendation ("R & R") recommending that the Court grant Defendant's Motion to Dismiss and dismiss the matter without prejudice. *See* D.E. 12.

Although Plaintiff's objections to the R & R were originally due by December 3, 2010, on November 30, 2010, Plaintiff timely filed a Motion seeking an extension of time to respond to the R & R, which the Court construed as a motion for extension of time to file objections to the R & R. *See* D.E. 13, D.E. 15. The Court granted Plaintiff's Motion, permitting Plaintiff to file objections

to the R & R by December 17, 2010.  *See* D.E. 15.

Instead of filing objections, however, Plaintiff filed an Amended Complaint on December 14, 2010.  *See* D.E. 16.  Although, as of that date, more than 21 days had elapsed since the filing of Defendant's Motion to Dismiss, Plaintiff neither sought nor obtained Defendant's written consent or the Court's leave to file the Amended Complaint before Plaintiff filed it.

Rule 15, Fed. R. Civ. P., allows the amending of a complaint as a matter of course only, as relevant here, within 21 days after service of a motion to dismiss under Rule 12(b).  *See* Fed. R. Civ. P. 15(a)(1)(B).  In this case, Defendant filed its Motion to Dismiss on September 30, 2010, and Plaintiff filed his Amended Complaint on December 14, 2010.  Thus, 75 days passed between the filing of Defendant's Motion to Dismiss and the filing of Plaintiff's Amended Complaint.  Consequently, Plaintiff could not file his Amended Complaint as a matter of right and instead had to obtain written consent of Defendant or leave of court first.  *See* Fed. R. Civ. P. 15(a)(2).  Because Plaintiff did neither, the Court strikes his Amended Complaint.  Should Plaintiff wish to amend his Complaint, he must first comply with the requirements of Rule 15, Fed. R. Civ. P.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Amended Complaint [D.E. 16] is **STRICKEN**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of December 2010.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch

Counsel of Record

Gregory Trotta, *pro se*
3435 Belmont Terrace
Davie, Florida 33328